UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**Salifou Compoare**
**12634 Grey Eagle Court Apartment 44**
**Germantown, MD 20874**


**Plaintiff**

v.

**Kika Scott, Acting Deputy Director**
**Service Center Operations Directorate**
**U.S. Citizenship and Immigration Services**
**2200 Crystal Drive Mail Stop 2425**
**Arlington VA 22202,**

**Connie Nolan, Associate Director**
**Service Center Operations Directorate**
**U.S. Citizenship and Immigration Services**
**2200 Crystal Drive Mail Stop 2425**
**Arlington VA 22202,**

**Kristi Noem, Secretary**
**U.S Department of Homeland Security**
**2702 Martin Luther King Jr. Ave, SE**
**Washington D.C. 20528-0485,**

**Defendants.**

**NO:** 1:25-cv-321

## COMPLAINT AND PETITION FOR HEARING ON FORM I-130, PETITION FOR ALIEN RELATIVE

The Plaintiff, Salifou Compoare (hereinafter "Plaintiff"), through undersigned counsel, files the

instant action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1361, and alleges:

1

## I. INTRODUCTION

1. Plaintiff, Salifou Compoare, a citizen of the United States, brings this mandamus action to compel Defendants to complete adjudication of his Form I-130, Petition for Alien Relative (Receipt No.: IOE0926051060), which has been pending since May 24, 2024.

2. Plaintiff has filed Form I-130, Petition for Alien Relative, on May 24, 2024 for Ranya Faustine Dohko Kouraogo, who is Plaintiff's step-daughter.

3. On May 24, 2023, Plaintiff filed an I-130 for his spouse, Wend-Yida Ouandaogo. This petition was thereafter approved and sent to the National Visa Center on June 27, 2024. Wend-Yida Ouandaogo's immigrant visa approval and subsequent arrival in the United States would leave her daughter, Ranya Faustine Dohko Kouraogo, in Burkina Faso with no one to care for her. Ranya Faustine Dohko Kouraogo is fourteen (14) years old.

4. Plaintiff therefore files this lawsuit in order to ensure the I-130, Petition for Alien Relative, filed on behalf of his step-daughter, is promptly adjudicated, in order to ensure that Ranya Faustine Dohko Kouraogo is not left in Burkina Faso and that Wend-Yida Ouandaogo's immigrant visa can be used within the time allotted after approval and issuance of visa.

## II. JURISDICTION AND VENUE

5. This action arises under 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1361 (mandamus action to compel an officer of the United States to perform his duty).

6. Under 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

7. Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) of the Administrative Procedures Act ("APA"). The APA requires USCIS to carry out its duties within a reasonable amount of

time. 5 U.S.C. § 555(b) provides that "with due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it." *Id.*

8. If the agency fails to render a decision within a reasonable time, the Court has the power to compel the agency to do so. 5 U.S.C. § 706(1) (conferring power on the U.S. District Courts to compel agencies to perform actions "unlawfully withheld or unreasonably delayed").

9. Venue is conferred pursuant to 28 U.S.C. § 1391(e)(1), which states, "a civil action in which a defendant is an officer or employee of the United States or an agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action. *See* 28 U.S.C. § 1391(e)(1).

10. Here, venue is proper in the District Court for the District of Maryland pursuant to 28 U.S.C. § 1391(e)(1)(c), because this is an action against officers and agencies of the United States in their official capacities, brought in the district court where the Plaintiff resides, and no real property is involved. Plaintiff resides at 12634 Grey Eagle Court, Apartment 44, Germantown, Maryland.

### III.    PARTIES

11. Plaintiff, Salifou Compoare, is a 46-year-old resident of Maryland. His address is 12634 Grey Eagle Court, Apartment 44, Germantown, Maryland 20874. Plaintiff has filed I-130 Petitions for both his wife and his step-daughter. His wife's petition has been approved by Defendants,

but his step-daughter's petition remains pending as of May 24, 2024. He falls within the "zone of interest" as described in *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992) as his interests are the interests being protected by the petitions that have been filed. The purpose of I-130, Petition for Alien Relative, is to prevent family separation and allow for family members to petition for their family members abroad. Plaintiff's family would be separated for an even longer period than has already passed if the I-130, Petition for Alien Relative, for his stepdaughter is not approved expeditiously.

12. Defendant, Connie Nolan, is the Associate Director of the Service Center Operations Directorate (SCOPS) of USCIS, in which she oversees activities at the Potomac Service Center, which is where the I-130, Petition for Alien Relative, is physically located. Her address is 2200 Crystal Drive Mail Stop 2425 Arlington VA 22202.

13. Defendant, Kika Scott, is sued in her official capacity as the Acting Deputy Director of U.S. Citizenship and Immigration Services, a component agency within the U.S. Department of Homeland Security. Her Address is 20 Massachusetts Avenue NW, Washington DC 20529.

14. Defendant, Kristen Noem is sued in her official capacity as the Secretary of the Department of Homeland Security ("DHS"). In this capacity, she is responsible for administering and enforcing immigration and naturalization laws. 8 U.S.C. § 1103(a). Her address is U.S. Department of Homeland Security, 2707 Martin Luther King Jr. Ave, SE Washington, DC 20528.

### IV.   LEGAL BACKGROUND

15. The Immigration and Nationality Act ("INA") provides, in general, for the admission, expulsion, regulation and naturalization of noncitizens. 8 U.S.C. § 1101 et seq.

16. Title VIII § 205.1 allows for immediate relatives to file for their alien family members. Specifically:

    > A citizen or lawful permanent resident of the United States petitioning under section 204(a)(1)(A)(i) or 204(a)(1)(B)(i) of the Act for qualifying relative's classification as an immediate relative under section 201(b) or the Act or as a preference immigrant under section 203(a) of the Act must file Form I-130, Petition for Alien Relative.

17. Immediate relatives, for which an immigrant visa (a.k.a. Lawful Permanent Resident card) is immediate available are children, spouses, and parents of a citizen of the United States, except that, in the case of parents, such citizens shall be at least 21 years of age. 8 U.S.C. § 1151(b)(2)(A)(i).

18. A child, through the Immigration and Nationality Act, is defined in relevant part as "the stepchild of a U.S. Citizen… parent who is under eighteen (18) at the time of marriage, creating the step-child relationship."

19. If USCIS fails to make a determination within a reasonable amount of time after the application was filed, the applicant is entitled to action on his long-pending application and the Court has power under 5 U.S.C. § 706(1) to compel USCIS to take action. 5 U.S.C. § 706(1) (conferring power to the U.S. District Courts to compel agencies to perform "action unlawfully withheld or unreasonable delayed.")

## V.   FACTS

20. Plaintiff is a citizen of the United States and resident of Maryland.

21. Plaintiff married Wend-Yida Ouandaogo on December 24, 2022. This marriage created the step-parent, step-child relationship between Plaintiff and Ranya Faustine Dohko Kouraogo.

22. On May 24, 2023, Plaintiff properly filed Form I-130, Petition for Alien Relative, for his wife, Wend-Yida Ouandoago. In June of 2024, this petition was approved.

23. Upon realization that Ranya Faustine Dohko Kouraogo was not included in the above approved I-130, Petition for Alien Relative, Plaintiff properly filed Form I-130, Petition for Alien Relative, for his step-daughter on May 28, 2024.

24. Plaintiff has exhausted all administrative remedies and there are no further administrative acts which Plaintiff can take to obtain benefits to which he is entitled.

## VI. DAMAGES

25. If Defendants do not approve Plaintiff's expedite request and adjudicate Plaintiff's Form I-130, Plaintiff's family will have to endure further separation. Either, Plaintiff's wife will have to remain in Burkina Faso, and risk the expiration of her immigrant visa, which is valid for four months after issuance, or, Plaintiff's wife will come to the United States within the validity of her immigrant visa, and leave Ranya Faustine Dohko Kouraogo, a fourteen year old child, in Burkina Faso with no parental figure. Both of these scenarios would cause hardship to Plaintiff as it would cause either further separation from his wife, step-child, or both.

26. Plaintiff has already been physically separated from his wife since their marriage in August of 2021. This causes emotional distress as he relies on his wife for emotional support. Further separation would extend Plaintiff's emotional distress.

27. Further, this would cause financial hardship to Plaintiff as he is currently paying for two households: his own in Maryland, and his wife's and stepchild's in Burkina Faso. To prolong his financial support of two households would be overly burdensome on Plaintiff.

## VII.  CLAIMS

28. The allegations contained in paragraphs 1 through 10 and 15 through 27 above are repeated and realleged as though fully set forth herein.

39. The Defendants' failure to make a decision on Plaintiff's I-130 petition is a violation of the statutory duty under 5 U.S.C. § 555(b), which requires a final decision to be made within a reasonable time after the petition is filed.

30. The Plaintiff is entitled to action on his pending petition and an unreasonable amount of time has passed since the petition was filed. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of the Plaintiff.

## VIII.  PRAYER

**WHEREFORE**, Plaintiff prays that this Court:

1. Compel the Defendants to take all appropriate action to adjudicate the I-130 petition without further delay; and
2. Grant such other and further relief as this Court deems proper.

Respectfully Submitted,

Raymond Griffith, Esq.
Griffith Immigration Law
300 E. Lombard St., Ste 1030
Baltimore, MD 21201
Tel.: 410-244-5005
ATTORNEY FOR PLAINTIFF

7

## CERTIFICATE OF SERVICE

I, Raymond Griffith, hereby certify that I served a true and correct copy of the Complaint and Petition for Adjudication of I-130, Petition for Alien Relative upon the Defendants by first-class mail on this 1st day of February 2025, at the following address:

Erek Barron
U.S. Attorney for the District of Maryland
36 S. Charles Street, 4th Floor
Baltimore, Maryland 21201

James McHenry
Acting U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue
NW Washington, DC 20530-0001.

Kika Scott, Connie Nolan and Kristi Noem c/o:
Office of General Counsel
United States Department of Homeland Security
2707 Martin Luther King Jr. Avenue, SE
Washington, D.C. 20528

_____          2/1/2025
Raymond Griffith, Esq.                    Date